# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PAUL PIAZZA & SON, INC., ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-912** |
| **RAUL GARCIA, ET AL.** | **SECTION: "G"** |

## ORDER AND REASONS

Plaintiffs Paul Piazza & Son, Inc. and Bayou Shrimp Processors, Inc. ("Plaintiffs") originally filed this suit against Defendants Raul Garcia ("Mr. Garcia"), Garcia Shrimp Company, LLC ("Garcia Shrimp Company"), Nora Trawlers, Inc. ("Nora Trawlers"), and Whiskey Joe, Inc. ("Whiskey Joe") (collectively, "Defendants") in the Civil District Court for the Parish of Orleans, State of Louisiana.[1] Plaintiffs allege that they provided loans, along with corresponding promissory notes, to Defendants to cover costs associated with shrimp sourcing.[2] On May 7, 2021, Whiskey Joe removed the case to this Court.[3] Before the Court is Plaintiffs' "Motion to Remand."[4] Defendants have not filed an opposition to the instant motion. Having considered the motion, the memoranda in support, the record, and the applicable law, the Court grants the motion and remands this case to the Civil District Court for the Parish of Orleans, State of Louisiana.

---

[1] Rec. Doc. 1-2.

[2] *Id.*

[3] Rec. Doc. 1.

[4] Rec. Doc. 16.

1

## I. Background

On March 1, 2021, Plaintiffs filed a complaint against Defendants in the Civil District Court for the Parish of Orleans, State of Louisiana.[5] On May 7, 2021, Whiskey Joe removed the case to this Court, alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332.[6] In the Notice of Removal, Whiskey Joe failed to provide written consent for removal by the non-removing defendants. On May 24, 2021, Whiskey Joe filed into the record a "Consent to Removal," indicating that each of the non-removing defendants consented to removal.[7]

On May 24, 2021, Plaintiffs filed the instant motion to remand.[8] Pursuant to Local Rule 7.5, any opposition to the motion was due eight days before the noticed submission date. Defendants have not filed an opposition to the instant motion and therefore the motion is deemed unopposed. A federal district court may grant an unopposed motion if the motion has merit.[9]

## II. Plaintiffs' Arguments in Support of the Motion

Plaintiffs contend that remand is appropriate in this case because Whiskey Joe did not obtain the consent of all defendants prior to filing the Notice of Removal or within the required 30-day window for removal under 28 U.S.C. § 1446.[10] Plaintiffs claim that Mr. Garcia, Garcia Shrimp Company, and Nora Trawlers were served on March 12, 2021 and Whiskey Joe was served on April 9, 2021.[11] Plaintiffs allege that Whiskey Joe timely filed the Notice of Removal on May

---

[5] Rec. Doc. 1-2.

[6] Rec. Doc. 1.

[7] Rec. Doc. 15; Rec. Doc. 15-1.

[8] Rec. Doc. 16.

[9] *See Braly v. Trail*, 254 F.3d 1082 (5th Cir. 2001).

[10] Rec. Doc. 16-1.

[11] *Id.* at 1. The record reflects that Mr. Garcia, Garcia Shrimp Company, and Nora Trawlers were served on or about

7, 2021, but failed to indicate that the non-removing defendants consented to removal until May 24, 2021, at which time Whiskey Joe filed the Consent to Removal.[12] Plaintiffs argue that removal was therefore defective, and remand is appropriate, because all defendants did not consent to removal within 30 days of service on Whiskey Joe as required by 28 U.S.C. § 1446.[13]

### III. Legal Standard & Analysis

A defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action.[14] A federal court has subject matter jurisdiction over an action "where the matter in controversy exceeds the sum or value of $75,000" and the action "is between citizens of different states."[15] The removing party bears the burden of demonstrating that federal jurisdiction exists.[16] Subject matter jurisdiction is fixed at the time of removal, and it cannot be eliminated by events that occur after removal.[17] In assessing whether removal was appropriate, this Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[18] Remand is appropriate if the Court lacks subject matter jurisdiction, and "doubts regarding whether removal jurisdiction is proper should be resolved against federal

---

March 12, 2021. Rec. Doc. 1-2 at 31. Proof of service was filed in the state court on March 29, 2021. *Id*.

[12] Rec. Doc. 16-1 at 1–2.

[13] *Id.* at 2–3.

[14] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).

[15] 28 U.S.C. § 1332(a)(1).

[16] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[17] *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996) ("We have consistently held that if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events.").

[18] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

jurisdiction."[19] Moreover, 28 U.S.C. § 1447(c) states: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

For cases removed pursuant to 28 U.S.C. § 1441(a), 28 U.S.C. § 1446(b) requires "all defendants who have been properly joined and served [to] join in or consent to the removal of the action." This is known as the "rule of unanimity." The Fifth Circuit has found that "[t]he rule of unanimity requires that all defendants to an action either sign the original petition for removal or timely file written consent to the removal."[20] Pursuant to 28 U.S.C. § 1446(b)(2)(B), "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal." However, "[i]f defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal."[21]

A violation of the rule of unanimity renders the removal procedurally defective.[22] The Fifth Circuit has recognized three exceptions to the rule of unanimity. A removing defendant does not have to obtain consent to removal from: (1) improperly or fraudulently joined defendants,[23] (2) nominal or formal parties,[24] and (3) non-forum defendants who have not been served by the

---

[19] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

[20] *Powers v. U.S.*, 783 F.3d 570 (5th Cir. 2015) (citing *Getty Oil Corp., Div. of Texaco, Inc. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1262 (5th Cir. 1988) (citations omitted)); *see also Farias v. Bexar Cty. Bd. of Trustees for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 871 (5th Cir. 1991).

[21] 28 U.S.C. § 1446(b)(2)(C).

[22] *Getty Oil Corp.*, 841 F.2d at 1262; *Harris v. Edward Hyman Co.*, 664 F.2d 943, 944 (5th Cir. 1981).

[23] *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 2003).

[24] *Farias*, 925 F.2d at 871.

4

time of removal.[25] The Fifth Circuit has also acknowledged that "exceptional circumstances" may justify allowing a defendant to remove a case without meeting the usual consent requirements.[26] However, the Fifth Circuit has clarified that "those instances where this court has exercised its equitable powers to permit a party to consent to removal outside of the statutorily prescribed time frame often concern plaintiff conduct, and not untimely consent to removal by a defendant."[27] The Fifth Circuit has found exceptional circumstances in the case of bad faith efforts by a plaintiff to prevent removal, or in instances in which permitting untimely removal is necessary to prevent injustice.[28]

In the instant case, Defendants Mr. Garcia, Garcia Shrimp Company, and Nora Trawlers were served on March 12, 2021.[29] Whiskey Joe was served on April 9, 2021,[30] giving Defendants until May 10, 2021 to remove the case within the 30-day window provided by 28 U.S.C. § 1446. Whiskey Joe timely removed this case on May 7, 2021.[31] However, in doing so, Whiskey Joe failed to indicate if the remaining defendants consented to removal.[32] Whiskey Joe thereafter

---

[25] *Getty Oil Corp.*, 841 F.2d at 1262 n.9 ("Defendants (at least those not citizens of the forum state) who are unserved when the removal petition is filed need not join in it.") (citing *Pullman Co. v. Jenkins*, 305 U.S. 534 (1939); *Lewis v. Rego Co.*, 757 F.2d 66, 68–69 (3d Cir. 1985)); *Jones v. Houston Indep. Sch. Dist.*, 979 F.2d 1004, 1007 (5th Cir. 1992) ("Forster's failure to join in the removal petition is not a bar to the federal court's jurisdiction. Forster could not have joined in it because, as Jones acknowledges, Forster was not even served until after the case had been removed.").

[26] *Getty Oil Corp.*, 841 F.2d at 1263, n.12.

[27] *Ortiz v. Young*, 431 F. App'x 306, 307 (5th Cir. 2011).

[28] *Id.* at 307–08 (citing *Brown v. Demco*, 792 F.2d 478, 482 (5th Cir. 1986); *Doe v. Kerwood*, 969 F.2d 165, 169 (5th Cir. 1992)).

[29] Rec. Doc. 1-2 at 31.

[30] Whiskey Joe did not file an opposition to the instant motion or otherwise contest Plaintiffs' assertion regarding the date of service.

[31] Rec. Doc. 1.

[32] *Id.*

provided written consent to removal by Mr. Garcia, Garcia Shrimp Company, and Nora Trawlers on May 24, 2021, beyond the 30-day deadline for removal.[33]

Whiskey Joe's removal, therefore, was procedurally defective, as the remaining defendants did not join in the Notice of Removal nor provide written consent for removal within 30 days of service on Whiskey Joe. Moreover, none of the exceptions to the rule of unanimity apply. Regarding the first two exceptions, none of the parties allege that Mr. Garcia, Garcia Shrimp Company, or Nora Trawlers were fraudulently joined or are nominal or formal parties. As to the third exception, Mr. Garcia, Garcia Shrimp Company, and Nora Trawlers were served on March 12, 2021 and the case was not removed until May 7, 2021. Moreover, under an exceptional circumstances analysis, there is no evidence that Plaintiffs acted in bad faith or that injustice will occur with remand. Therefore, remand is appropriate.

## V. Conclusion

Given that Defendant Whiskey Joe did not obtain consent from Mr. Garcia, Garcia Shrimp Company, or Nora Trawlers within 30 days of service on Whiskey Joe, the rule of unanimity renders removal deficient and warrants remand to state court. Accordingly,

---

[33] Rec. Doc. 15; Rec. Doc. 15-1.

**IT IS HEREBY ORDERED** that Plaintiffs Paul Piazza & Son, Inc. and Bayou Shrimp Processors, Inc.'s "Motion to Remand"[34] is **GRANTED.** The above-captioned case is remanded to the Civil District Court for the Parish of Orleans, State of Louisiana.

**NEW ORLEANS, LOUISIANA**, this 29th day of June, 2021.

                                                            *Nannette Jolivette Brown*
                                                           **NANNETTE JOLIVETTE BROWN**
                                                           **CHIEF JUDGE**
                                                           **UNITED STATES DISTRICT COURT**

---

[34] Rec. Doc. 16.